IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VAN-ANH T. TRAN,

        Plaintiff,

        v.

SUNTRUST MORTGAGE, INC., a defunct corporation; et al.,

        Defendants.

No. 3:24-cv-324-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

        In October 2023, Plaintiff Van-Ahn T. Tran filed this action in state court against multiple Defendants regarding alleged improprieties regarding her mortgage and related foreclosure proceedings. Notice of Removal, Ex. 1, 4–17; ECF No. 1. In February 2024, Defendant Fay Servicing, LLC timely removed the action. Notice of Removal, 2. Defendants Fay Servicing, LLC, U.S. Bank Trust, N.A., Trustee for LSRMF MH Master Participation Trust II, and Mortgage Electronic Registrations Systems, Inc. (collectively, the "Moving Defendants") moved to dismiss all claims other than claim one. ECF No. 7. Defendant Quality Loan Service Corporation of Washington joined the motion to dismiss. ECF No. 9. For the reasons discussed below, Defendants' Motions to Dismiss (ECF No. 7 & ECF No. 9) are GRANTED.

1 – OPINION AND ORDER

**BACKGROUND**[1]

In April 2008, Plaintiff executed a deed of trust in favor of Defendant MERS (acting solely as a nominee for Defendant Suntrust Mortgage Inc.). Compl. ¶ 1. Plaintiff alleges:

> At the signing of the loan documents in April 2008, the Plaintiff discovered that the interest rate was higher than was originally quoted and agreed to and that the costs of the loan [were] higher than originally promised. Plaintiff was assured that those were clerical mistakes that would be fixed and Plaintiff will receive new loan documents reflecting the accurate loan terms and was induced to sign the loan documents. Plaintiff was given one set of unsigned loan documents with the "wrong" loan terms. Subsequently, Plaintiff tried to "correct" the loan terms and was repeatedly told that she will receive loan documents reflecting the correct loan terms.

Compl. ¶ 4.

About five years later, in November 2012, Defendants Suntrust Mortgage Inc. and Seterus, Inc. (the "Suntrust Defendants") agreed to a loan modification. Compl. ¶ 5. As was the case with the original loan, however, "this loan modification did not contain all the terms the parties agreed to. Compl. ¶ 5. The Suntrust Defendants agreed and promised "to modify the loan terms in the future." Compl. ¶ 5. Five years later, in June 2017, the Suntrust Defendants agreed to another loan modification. Compl. ¶ 5. "This loan modification was to reduce the interest rate to 4% and the principal by $30,000." Compl. ¶ 5. Although Plaintiff complied with the June 2017 agreement, the Suntrust Defendants "reduced the interest rate to 4% but refused to reduce the principal." Compl. ¶ 5.

The deed was later assigned or transferred to Defendant U.S. Bank Trust, N.A. as trustee for Defendant LSRMF MH Master Participation Trust II. "DEFENDANT LSRMF MH MASTER PARTICIPATION TRUST II refused to honor the reduction of the principal by thirty thousand dollars ($30,000) and permanent reduction of interest rate, as agreed to by

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

DEFENDANT SUNTRUST MORTGAGE INC." Compl. ¶ 6. As a beneficiary of the deed of trust, and because it is in privity of contract as a subsequent assignee of Defendant Suntrust Mortgage Inc., the Master Participation Trust is responsible for Suntrust's "violations as well as its promises" and "should now be liable for violations of the Truth in Lending Act." Compl. ¶ 7.

The above allegations relate to Plaintiffs first claim under the Federal Truth in Lending Act. Other than Defendants Fay Servicing, LLC and MERS (as discussed below), the Moving Defendants do not move against claim one. The Moving Defendants do, however, move against claim two (Misrepresentation), claim three (Oregon Unlawful Trade Practices Act), claim four (Breach of Contract), claim five (Injunction to prevent foreclosure proceedings), claim six (violation of Oregon HB 4204), claim seven (Intentional or Negligent Infliction of Emotional Distress), and claim eight (Accounting).

Plaintiff, who is represented by counsel, filed an untimely response to the motion to dismiss. Additionally, the response consists of a terse, three and one-half pages of argument, with one page dedicated to the argument that because no party moved against claim one, that claim will remain (and that only the Moving Defendants moved against claims two through eight). Resp. ECF No. 15. Plaintiff dedicates just over two pages to addressing the Moving Defendants' arguments to dismiss claims two through eight. In fact, Plaintiff only addresses arguments made to claim four (Breach of contract) and claim six (violation of Oregon HB 4204). "Plaintiff agrees to the dismissal of the other claims in the Complaint not raised in this response." Resp. 5. As Plaintiff does not address the Moving Defendants' arguments against claim two (Misrepresentation), claim three (Oregon Unlawful Trade Practices Act), claim five (Injunction to prevent foreclosure proceedings), claim seven (Intentional or Negligent Infliction of Emotional Distress), and claim eight (Accounting), those claims are dismissed with prejudice

3 – OPINION AND ORDER

as to the Moving Defendants and Defendant Quality Loan Service Corporation of Washington. As noted above, no party moved to dismiss Plaintiffs first claim under the Federal Truth in Lending Act.[2]

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

As outlined above, Plaintiff's breach of contract claim is based on the allegation that certain promises made by the Suntrust Defendants were not reflected in the loan documents

---

[2] Defendants Fay and MERS argue the Complaint contains no factual allegations against them and "the entire Complaint should be dismissed as to" them. Mot., 7; ECF NO. 7. Other than an allegation that MERS is listed as a trustee on the Deed of Trust, ¶ 1, the Court found no other allegation as to any action taken by MERS. And other than being listed as a named Defendant, the Court found no allegation as to any action taken by Defendant Fay Servicing, LLC. In addition to the dismissed claims discussed above, claim one is DISMISSED as to Defendant MERS and Defendant Fay Servicing, LLC.

4 – OPINION AND ORDER

Plaintiff ultimately signed. "Plaintiff was assured that those were clerical mistakes that would be fixed and Plaintiff will receive new loan documents reflecting the accurate loan terms and was induced to sign the loan documents." Compl. ¶ 4. The Moving Defendants argue:

> The claimed oral agreement, which is an agreement to modify the terms of the note, is barred by the statute of frauds. Nor does Plaintiff plead any facts to suggest she partially performed under the terms of the oral agreement that would take a purported oral contract out of the statute of frauds. While Plaintiff contends that she was "required to make certain payments and to perform certain responsibilities," Plaintiff does not allege that these responsibilities or payment obligations somehow differed from the original loan terms. As a result, the breach of contract claim is barred by the statute of frauds.

Mot. Dismiss, 11.

Plaintiff devotes much of her response to the Moving Defendants' motion to dismiss the breach of contract claim to arguing the statue of limitations has not run because "We do not know when the loan modification was made since the Agreement required the performance of the Plaintiff in making required payments over a time period. . . . Therefore, we do not know exactly when Defendants actually modified the loan." Response, 3. Plaintiff's only response to the Moving Defendants' statute of frauds argument relates to a June 23, 2017 letter from Defendant Seterus offering a loan modification. Resp. 3. Although Plaintiff does not ask the Court to take judicial notice of that letter, the Court reviewed the letter and confirmed the letter makes no mention of a reduction in principal.

Plaintiff's breach of contract claim is clearly based on oral promises allegedly made by the Suntrust Defendants to (1) reduce the principal amount by $30,000 and; (2) permanently lower the interest rate. *See* Compl. ¶ 15 ([The Suntrust Defendants] promised to modify the loan to reduce the principal by Thirty Thousand Dollars ($30,000) as well as permanently reducing the finance rate."). But as noted by the Moving Defendants, "A deed of trust is subject to the statute of frauds. *See Hull v. Wells Fargo Bank, N.A.*, 2016 WL 1271675 at *5 (D. Or. Mar. 28,

5 – OPINION AND ORDER

2016) (citing Or. Rev. Stat. § 41.580(1); *Nelson v. American Home Mortg. Servicing, Inc.*, 2013 WL 3834656 at *5 (D. Or. July 24, 2013) ("Agreements subject to the statute of frauds may be modified only by a written agreement. . ."[;] *Rapacki v. Chase Home Finance LLC*, 2012 WL 1340119 at *8 (D. Or. Apr. 17, 2012)." Motion, 10. The Court agrees with the Moving Defendants that "any supposed oral agreement to reduce the principal owed is an agreement to modify the terms of the note and must be in writing." Reply, 5. Because Plaintiff fails to allege anything that would take the alleged oral promise outside the statute of frauds, the Court GRANTS the Moving Defendants' motion to dismiss Plaintiff's claim for breach of contract.[3]

Plaintiff's claim six, for violations of Oregon HB 4204, also contains fatal deficiencies. As relevant here, HB 2404 provided that:

> During the emergency period [between March 8, 2020 through September 30, 2020], a lender may not treat as a default a borrower's failure to make a periodic installment payment or to pay any other amount that is due to the lender on or in connection with an obligation that is subject to a financing agreement if at any time during the emergency period the borrower notifies the lender that the borrower will not be able to make the periodic installment payment.

HB 4204 1(3)(a).

Plaintiff's Complaint contains no allegation that any notice was provided to the lender stating Plaintiff could not make a mortgage payment.[4] While that is enough for dismissal, other documents confirm that leave to amend would be futile.

The Moving Defendants request the Court take judicial notice of several documents including the 2008 deed of trust and the January 2022 notice of default and election to sell. ECF

---

[3] Additionally, the Complaint clearly alleges that Plaintiff was aware at the time of the 2008 loan and 2012 modification that the Suntrust Defendants breached their oral promise to reduce the principal. The statute of limitations for breach of contract is six years. *Zweizig v. Rote*, 2014 WL 7229202 at *4 (D. Or. Dec. 16, 2014). Therefore, to the extent Plaintiff brings the breach of contract claim based on the 2008 loan or 2012 modification, such claims are time-barred.

[4] In her response, Plaintiff argues "that the best 'notification' of Plaintiff 'will not be able to make the periodic installment payment' is by the failure of the Plaintiff to make the payment." As this argument is not contained in the actual Complaint, the Court need not decide whether simply not making the payment qualifies as notification required under HB 4204 1(3)(a).

6 – OPINION AND ORDER

No. 18. Generally, a court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201 so long as the facts are not subject to reasonable dispute, are incorporated into the complaint, and are from sources whose accuracy cannot be reasonably questioned. *Munson v. Wells Fargo Bank*, 2018 WL 6515131, at *2 (D. Or. Dec. 11, 2018,) (listing cases). Each of the exhibits attached to the RJN are properly subject to judicial notice and Plaintiff makes no argument to the contrary.

HB 2404 1(3)(c) provides that where, as here, "the subject property is a residence with four or fewer dwelling units, the notification must attest that the borrower's failure to pay is a result of a loss of income related to the COVID-19 pandemic." Here, the notice of default and election to sell confirms Plaintiff made her last payment in 2018. Therefore, Plaintiff would be unable to meet the bill's eligibility requirement that her inability to make her payment was related to the pandemic.

Additionally, the bill prohibited a lender from taking certain actions during the emergency period. Specifically, the lender may not "foreclose a trust deed by advertisement and sale[.]" HB 2404 1(4)(a). Here, Plaintiff argues Defendants' postponement of the foreclosure proceedings violated HB 2404. But the plain text of HB 2404, as shown above, provides that "a lender may not at any time during the emergency period [] Foreclose a trust deed by advertisement and sale." HB 2404 1(4)(a). Additionally, HB 2404 1()7)(a) provides that "a trustee's sale may not occur during the emergency period." There was no trustee's sale and Plaintiff's trust deed was not foreclosed. Therefore, Plaintiff cannot state a claim under HB 2404 and amendment would be futile.[5]

---

[5] In her exceedingly brief Response, Plaintiff only raised the notice and postponed foreclosures arguments in responding to the Moving Defendants' motion to dismiss the HB 2404 claim. As noted above, "Plaintiff agrees to the dismissal of the other claims in the Complaint not raised in this Response." Resp., 5. Plaintiff has therefore waived any response to any other arguments made by the Moving Defendants.

7 – OPINION AND ORDER

**CONCLUSION**

For the above reasons, Defendant Fay Servicing, LLC, U.S. Bank Trust, N.A., Trustee for LSRMF MH Master Participation Trust II, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss, ECF No. 7, and Defendant Quality Loan Service of Washington's Motion to Dismiss, ECF No. 9, are GRANTED. All claims other than claim one (Federal Truth in Lending Act) are DISMISSED as to the Moving Defendants. Additionally, claim one is DISMISSED as to Defendants Fay Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. IT IS SO ORDERED.

DATED this 3rd day of July, 2024.

_____/s/ Michael McShane_____
**Michael J. McShane
United States District Judge**