IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VAN-ANH T. TRAN,

       Plaintiff,

    v.

SUNTRUST MORTGAGE, INC., a defunct corporation; et al.,

       Defendants.

No. 3:24-cv-324-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    In October 2023, Plaintiff Van-Ahn T. Tran filed this action in state court against multiple Defendants regarding alleged improprieties regarding her mortgage and related foreclosure proceedings. Notice of Removal, Ex. 1, 4–17; ECF No. 1. In February 2024, Defendant Fay Servicing, LLC timely removed the action. Notice of Removal, 2. Defendants Fay Servicing, LLC, U.S. Bank Trust, N.A., Trustee for LSRMF MH Master Participation Trust II, and Mortgage Electronic Registrations Systems, Inc. moved to dismiss all claims other than claim one. ECF No. 7. Defendant Quality Loan Service Corporation of Washington joined the motion to dismiss. ECF No. 9. The Court granted the motion, dismissing all claims other than claim one.

1 – OPINION AND ORDER

## BACKGROUND[1]

In April 2008, Plaintiff executed a deed of trust in favor of Defendant MERS (acting solely as a nominee for Defendant Suntrust Mortgage Inc.). Compl. ¶ 1. Plaintiff alleges:

> At the signing of the loan documents in April 2008, the Plaintiff discovered that the interest rate was higher than was originally quoted and agreed to and that the costs of the loan [were] higher than originally promised. Plaintiff was assured that those were clerical mistakes that would be fixed and Plaintiff will receive new loan documents reflecting the accurate loan terms and was induced to sign the loan documents. Plaintiff was given one set of unsigned loan documents with the "wrong" loan terms. Subsequently, Plaintiff tried to "correct" the loan terms and was repeatedly told that she will receive loan documents reflecting the correct loan terms.

Compl. ¶ 4.

About five years later, in November 2012, Defendants Suntrust Mortgage Inc. and Seterus, Inc. (the "Suntrust Defendants") agreed to a loan modification. Compl. ¶ 5. As was the case with the original loan, however, "this loan modification did not contain all the terms the parties agreed to. Compl. ¶ 5. The Suntrust Defendants agreed and promised "to modify the loan terms in the future." Compl. ¶ 5. Five years later, in June 2017, the Suntrust Defendants agreed to another loan modification. Compl. ¶ 5. "This loan modification was to reduce the interest rate to 4% and the principal by $30,000." Compl. ¶ 5. Although Plaintiff complied with the June 2017 agreement, the Suntrust Defendants "reduced the interest rate to 4% but refused to reduce the principal." Compl. ¶ 5.

The deed was later assigned or transferred to Defendant U.S. Bank Trust, N.A. as trustee for Defendant LSRMF MH Master Participation Trust II. "DEFENDANT LSRMF MH MASTER PARTICIPATION TRUST II refused to honor the reduction of the principal by thirty thousand dollars ($30,000) and permanent reduction of interest rate, as agreed to by

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

DEFENDANT SUNTRUST MORTGAGE INC." Compl. ¶ 6. As a beneficiary of the deed of trust, and because it is in privity of contract as a subsequent assignee of Defendant Suntrust Mortgage Inc., the Master Participation Trust is responsible for Suntrust's "violations as well as its promises" and "should now be liable for violations of the Truth in Lending Act." Compl. ¶ 7.

After the Court dismissed all but one claim, the only remaining claim is Plaintiffs first claim under the Federal Truth in Lending Act. U.S. Bank Trust, N.A. now moves for Judgment on the Pleadings on Plaintiff's remaining claim. ECF No. 25. Plaintiff has not responded to the motion and the time to do so has passed.

## **STANDARDS**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2s 1188, 1192 (9th Cir. 1989).

"Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979). The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, *id.*, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Id.* at 570.[2] A claim is

---

[2] Although *Twombly* dealt with a motion to dismiss under rule 12(b)(6), as noted above, the same standard of review applies to a motion for judgment on the pleadings. *Dworkin*, 867 F.2d at 1192.

3 – OPINION AND ORDER

plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

## **DISCUSSION**

As outlined above, Plaintiff's complaint alleges improprieties during the April 2008 loan origination and again upon modification of the loan in November 2012 and June 2017. The gist of the allegations is that Defendants promised one thing when discussing modifying the loan only to include (or omit) different things in the final modifications. In other words, Plaintiff alleges a classic bait and switch.

As pointed out by Defendant, the Truth In Lending Act ("TILA") provides that any action for damages must come "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, Plaintiff alleges she noticed the omissions in April 2008, upon signing the loan documents. Compl. ¶ 4. Similarly, with respect to the modifications, Plaintiff alleges she knew, or should have known of, Defendant's misrepresentations upon signing those documents in 2012 and 2017 (when seeing the documents did not contain what the parties previously agreed to). Compl. ¶ 5. To the extent Plaintiff seeks to bring TILA claims, this action for damages comes several years too late.

Additionally, to the extent Plaintiff wishes to rescind the loans, that right lapses "three years after the date of consummation of the transaction. 15 U.S.C. § 1635(f). The TILA's rescission provision is not subject to equitable tolling. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998). Therefore, Plaintiff must have brought any action to rescind the loan no later than June 2020.

/ / / /

## **CONCLUSION**

As Plaintiff's lone remaining claim, under the TILA, is time-barred, the Court grant's Defendant's Motion for Judgment on the Pleadings, ECF No. 25.[3]

IT IS SO ORDERED.

DATED this 27th day of September, 2024.

                                                            /s/ Michael McShane
                                                          **Michael J. McShane**
                                                  **United States District Judge**

---

[3] As noted above, Plaintiff failed to respond to Defendant's motion. In the event Plaintiff's remaining claim did not fail on the merits, the Court would dismiss this action for failure to prosecute.